IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APM RESTAURANT GROUP, INC., )
an Illinois Corporation, and JOSLIN )
ALFAR, )
 )
    Plaintiffs, )
 )
v. ) No. 16 C 2495
 )
 ) Magistrate Judge Sidney I. Schenkier
ASSOCIATED BANK, a Wisconsin )
Banking Corporation, )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER[1]

Plaintiffs, APM Restaurant Group, Inc. ("APM") and Joslin Alfar ("Ms. Alfar") (collectively "Plaintiffs"), have moved for leave to file a second amended complaint (doc. # 49: Motion for Leave to File a Second Amended Complaint ("Motion"). Attached to the motion is Plaintiffs' proposed Second Amended Complaint for Damages ("Proposed Second Amended Complaint"). Defendant, Associated Bank ("Associated"), has filed a response brief (doc. # 50: Defendant Associated Bank, N.A.'s Response to Plaintiffs' Motion for Leave to File a Second Amended Complaint ("Response")), and Plaintiffs have filed a reply brief (doc. # 52: Reply to Defendant's Response to Motion for Leave to Amend the Complaint ("Reply")). For the reasons stated below, Plaintiffs' motion is denied.

### I.

Plaintiffs filed their Complaint in this matter on February 22, 2016 (doc. # 1: Complaint for Damages ("Complaint")). The Complaint alleged that Defendant was negligent, and breached

---

[1] On December 20, 2017, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to the Court for all proceedings (doc. # 33).

its duty under the Uniform Commercial Code, by honoring the allegedly forged checks presented by APM's restaurant manager in April 2015. The Complaint was dismissed without prejudice on September 1, 2017 (doc. # 13: Minute Entry) and Plaintiffs thereafter filed their Amended Complaint on September 29, 2017 (doc. # 15: Amended Complaint for Damages ("Amended Complaint")). The Amended Complaint reasserted the UCC and negligence claims, and added claims for conversion and estoppel.

Discovery closed in this matter on May 2, 2018 (doc. # 30: Minute Entry). Following the close of discovery, Plaintiffs filed a motion for spoliation sanctions on May 7, 2018 (doc. # 41), asserting that Associated had failed to preserve and produce relevant audio and video recordings. Associated responded to the spoliation motion by stating that it had produced all audio recordings to Plaintiffs. In addition, Associated stated that its record keeper did not initially locate the video recordings in the first search but conducted a second search, located the video recordings, and "immediately produced" them to Plaintiffs (Response at 2). Finding that Plaintiffs had in their possession the audio and video recordings that were the subject of the spoliation motion, and that Plaintiffs had failed to show Associated had failed to preserve relevant evidence it was obligated to preserve, on July 10, 2018 we denied the motion for sanctions (doc. # 48: Minute Entry). Plaintiffs were then granted leave to file this motion (*Id.*).

Plaintiffs now seek to amend the negligence cause of action and to add two other causes of action: spoliation and conspiracy to commit fraud. Specifically, in a bare bones motion consisting of four paragraphs, Plaintiffs claim that after discovery closed, after they filed a motion for spoliation against Defendant for failure to preserve certain video recordings, and after the Defendant submitted two affidavits that the video recordings did not exist, the Defendant found some of the requested video recordings (Motion, ¶¶ 1-2). Plaintiffs claim that one of the recordings

2

revealed that the teller supervisor made false statements in her depositions (Motion, ¶ 2). Plaintiffs claim that Associated's investigator also made false statements, and was either negligent or conspired with Associated to cover up what the teller and supervisor did in cashing the checks in question (Motion, ¶ 3). In addition, Plaintiffs for the first time seek to plead claims for pain and suffering and for punitive damages.

## II.

Courts freely grant leave to amend a complaint when justice so requires. Fed.R.Civ.P. 15(a). However, a court need not allow an amendment to a complaint when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of the amendment. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Whether an amendment should be granted is committed to the sound discretion of the trial court. *Foman*, 371 U.S. at 182; *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011).

At the threshold, we note that Plaintiffs fail to cite a single case or other authority in either their motion or reply memorandum, "contrary to the Seventh Circuit's frequent insistence that arguments must be supported and its warnings about the consequences of perfunctory arguments" *Chapman v. Gen. Bd. of Pension & Health Benefits of the United Methodist Church, Inc.*, No. 09 C 3474, 2010 WL 2679961, *7 (N.D. Ill. July 6, 2010) citing *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008) (collecting cases). The Seventh Circuit has repeatedly admonished that "[s]keletal and unsupported arguments will not be considered and the arguments will be deemed waived." *Chapman*, 2010 WL 2679961, *8 quoting *White Eagle Co-opinion Ass'n v. Conner*, 553 F.3d 467, 476 n. 6 (7th Cir. 2009) (collecting cases). *See also de la Rama v. Illinois Dept. of Human Services*, 541 F.3d 681, 688 (7th Cir. 2008) (argument that was "conclusory and

utterly lacking in any citation to the applicable law" was deemed waived); *United States v. Hook,* 471 F.3d 766, 775 (7th Cir. 2006) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).") (citations omitted); *Fabriko Acquisition Corporation v. Prokos,* 536 F.3d 605, 609 (7th Cir. 2008) ("Nor does [movant] present any caselaw supporting its theory. It is not the job of this court to develop arguments for [parties]."); *United States v. Alden,* 527 F.3d 653, 664 (7th Cir. 2008) ("Because it is not the obligation of this Court to research and construct the legal arguments available to parties, ... these arguments are waived and warrant no discussion.") citing *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)").

Indeed, as in *Chapman*, it was not until the reply memorandum that the Plaintiffs first made "any attempt to discuss the underlying facts or to amplify on the conclusions in the Motion." 2010 WL 2679961, *7. However, the reply memorandum, as the opening motion, was bereft of any legal citation in support of Plaintiffs' arguments. In any event, articulating the basis for an argument for the first time in a reply memorandum is improper and is insufficient to save Plaintiffs from a finding of waiver. *Stechauner v. Smith,* 852 F.3d 708, 721 (7th Cir. 2017).

We further note that certain of the Plaintiffs' allegations in the Proposed Second Amended Complaint fly in the face of sworn testimony by Peter Sayegh, the general manager of APM and the spouse of the other plaintiff, Joslin Alfar. For example, Paragraph 13 of the Amended Complaint states in part "William Smith, assured Alfar and Sayegh that the matter was clear and that they should be getting the money back" (Amended Complaint, ¶13). However, in Mr.

Sayegh's deposition on March 16, 2018, when he was asked "when did Will Smith talk to you and tell you that the matter was clear and that you would be getting your money back" Mr. Sayegh replied, "I think there is a mistake here. That's not – the bank investigator, Will Smith, did not say that the matter was clear and that he would give me my money back. That is something that I'd like to correct, if I may" (Response, Ex. 2 at 220; *see also* 221). Despite this stated desire to "correct" this "mistake" that appears in the Amended Complaint, the Proposed Second Amended Complaint repeats this identical allegation -- with the only "correction" being a change in the name from "William Smith" in the Amended Complaint to "Will Smith" in the Proposed Second Amended Complaint (Motion, Proposed Second Amended Complaint, ¶13).

Additionally, Paragraph 19 of the Proposed Second Amended Complaint repeats the assertion in Paragraph 14 of the Amended Complaint that "[o]ne month prior to APM's business shutting down, it obtained a license to place five (5) casino slot machines in the restaurant. This raised the revenue that the business generated and brought more customers for the restaurant." This allegation is flatly inconsistent with Mr. Sayegh's sworn testimony that "we never actually installed the machines. That was just worded wrong." (Response, Ex. 2 at 236-37).

The way in which Plaintiffs have presented their Motion warrants its summary denial. That said, unjustifiable delay, undue prejudice and futility provide ample additional basis to deny the Motion. *See Barry Aviation Inc.*, 377 F.3d at 687.

### A.

In their negligence cause of action, Plaintiffs originally sought only economic loss damages for Ms. Alfar (Amended Complaint at 6-7). However, in the Proposed Second Amended Complaint, Plaintiffs are now seeking to include APM as a plaintiff in that claim, and now seek to recover for both APM and Ms. Alfar $1 million in damages for pain and suffering (Motion, Second

Amended Complaint at 8-9). The attempt to amend the negligence claim to include an additional plaintiff and to seek additional damages comes too late. Discovery closed on May 2, 2018. Plaintiffs cannot point to the belated production of the video recordings as justification for their delay in seeking this amendment, as the video recordings have nothing to do with whether APM is a proper plaintiff on the negligence claim or whether Defendant's conduct in honoring the checks caused emotional pain and suffering. In addition, it is far too late in the day to add a new damage claim that would significantly alter the financial stakes of this lawsuit. *See Winters v. Fru-Con Inc.*, 498 F.3d 734, 741 (7th Cir. 2007) (refusing to allow plaintiff to amend his complaint to include punitive damages because an "amended complaint three years into litigation affects the defendant's discovery and trial strategy and therefore the magistrate judge was reasonable in rejecting (plaintiff's) proposed amendment").

## B.

Plaintiffs seek to add a cause of action they identify as one for "spoliation" (Motion, 2). Spoliation is not a separate tort, but rather a species of negligence. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 608 (7th Cir. 2016). However, while Plaintiffs do not use the correct title for the asserted cause of action in their Motion, the Proposed Second Amended Complaint's sixth cause of action is titled "Negligent Spoliation" (Motion, Proposed Second Amended Complaint at 10). The Illinois Supreme Court recognizes a cause of action for negligent spoliation of evidence. *Boyd v. Travelers Insurance Co.*, 652 N.E.2d 267, 270 (Ill. 1995), *as modified on denial of reh'g*, (June 22, 1995). A "negligent spoliation claim requires the plaintiff to prove the traditional four elements of negligence: a duty to preserve evidence; breach of that duty by loss of the evidence; that the loss proximately caused the plaintiff's inability to prove his

underlying claim; and actual damages as a result." *Schaefer*, 839 F.3d at 608 citing *Boyd*, 652 N.E.2d at 270.

Here, as Plaintiffs concede, Associated has produced the video recordings (Motion, ¶2; Response at 2; Reply at 1). Plaintiffs have reviewed the video recordings (Motion, ¶2), which they agree to not show the details of the disputed transaction on April 27, 2015. Nonetheless, in support of their request to amend the complaint, Plaintiffs claim that the video recordings show that the teller supervisor, Ms. Borges, made "false statements in her depositions" (Motion, ¶2). In the Reply, the Plaintiffs say that Ms. Borges testified that "she does not remember whether she cashed the checks in question" (Reply at 5). Neither the Motion nor the Reply cites to or attaches Ms. Borges' deposition transcript in support of these assertions. In its Response, by contrast, Associated cited to and attached portions of Ms. Borges' deposition transcript showing that Ms. Borges testified that she did not recall the specifics of any particular presentment of checks because APM's employee, Ms. Marcanti, would come into the bank on a weekly basis (Response at 4 and Ex. 1 at 26-27). Furthermore, Ms. Borges was not asked at her deposition if she provided a cashier's check to Ms. Marcanti on April 27, 2015, and Plaintiffs have not submitted any deposition testimony to the contrary.

What the foregoing amply shows is that it would be futile to allow Plaintiffs to add the proposed negligent spoliation claim. Plaintiffs point to no evidence that Associated was obligated to preserve and failed to produce that compromises their ability to prove the foregoing assertions. To the extent Plaintiffs assert that the video recordings aid in that effort, they now have those recordings.

## C.

Plaintiffs seek to add a conspiracy claim, arguing that Associated's former financial crimes investigator, Will Smith, made "false statements" and either was negligent or conspired with Associated to commit fraud or cover up what Ms. Borges and other tellers did in cashing the checks in question (Motion, ¶3). We deny Plaintiffs' request to do so, both on grounds of futility and undue delay. Allegations of fraud, including a claim for conspiracy to commit fraud, must be plead with particularity. Fed. R. Civ. P. 9; *Wells Fargo Bank, Nat'l Ass'n. v. Leafs Hockey Club, Inc.*, No. 13 C 2247, 2014 WL 3855318, *5 (N.D. Ill. July 31, 2014). "The elements of a cause of action for conspiracy to defraud are: (1) a conspiracy; (2) an overt act of fraud in furtherance of the conspiracy; and (3) damages to the plaintiff as a result of the fraud." *Wells Fargo Bank, Nat'l Ass'n.*, 2014 WL 3855318 at 5 quoting *Bosak v. McDonough*, 549 N.E.2d 643, 646 (Ill. App. 1989). "A 'conspiracy' is a combination of two or more persons to accomplish by concerted action an unlawful purpose or a lawful purpose by unlawful means." *Id*. Moreover, to state a claim for fraud under Illinois law the following elements must be included: "(1) a false statement of material fact; (2) by one who knows or believes it to be false; (3) made with the intent to induce action by another in reliance on the statement; (4) action by the other in reliance on the truthfulness of the statement; and (5) injury to the other resulting from that reliance." *Wells Fargo Bank, Nat'l Ass'n.*, 2014 WL 3855318 at 5 quoting *Siegel Dev., LLC v. Peak Const. LLC*, 993 N.E.2d 1041, 1059 (Ill. App. 2013).

Plaintiffs' conclusory allegations (Motion, Proposed Second Amended Complaint at ¶¶ 16-17 and 43-44) fall far short of meeting this pleading standard. Indeed, Plaintiffs' proposed claim is equivocal as to whether Mr. Smith engaged in a fraudulent cover up; Plaintiffs allege that his actions might instead reflect "an unreasonable and extremely incompetent investigation" (Motion,

8

Proposed Second Amended Complaint ¶16). "Accidental, inadvertent, or negligent participation in a common scheme does not amount to conspiracy." *Wells Fargo Bank, Nat'l Ass'n.*, 2014 WL 3855318 at 5 quoting *McClure v. Owens Corning Fiberglas Corp.,* 720 N.E.2d 242, 241 (Ill. 1999).

In addition to being futile, the proposed addition of this claim comes too late. Plaintiffs fail to link the filing of this claim to the late-produced video recordings. Indeed, the fact that Plaintiffs scheduled the deposition of Mr. Smith and then elected not to proceed with it is further evidence that if Plaintiffs wished to add a conspiracy claim, they did not need to wait until after discovery closed to attempt to do so.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Second Amended Complaint (doc. # 49) is denied.[2] We set the matter for a status hearing on December 4, 2018 at 9:00 a.m. We direct the parties to explore settlement prior to the next status hearing, and to apprise the Court of whether they wish to participate in a settlement conference.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: November 13, 2018**

---

[2] We note that even if we had allowed Plaintiffs to amend their cause of action, we would not allow them to dramatically expand the damages sought by adding claims for emotional pain and suffering and punitive damages. We already have explained why the proposed amendment of the negligence claim to include emotional distress damages is untimely. Plaintiffs also attempt to include in their negligent spoliation and conspiracy claims prayers for $1 million in damages for pain and suffering and punitive damages of $100 million on the conspiracy to commit fraud and negligent spoliation counts. Raising the issue of punitive damages and pain and suffering for the first time over two years after the Complaint was filed is improper, as it seeks to dramatically alter the financial stakes of the litigation far too late into the proceedings. *Winters*, 498 F.3d 734, 741 (7th Cir. 2007).

9